## Case No. 14,789a.

UNITED STATES v. CHA-TO-KAH-NA-PE-SHA et al.

[Hempst. 27.] [1]

Superior Court. Territory of Arkansas. Oct., 1824.

INDIANS—CRIMINAL JURISDICTION OVER—HOW FAR INDIAN TRIBES INDEPENDENT.

1. Congress has the constitutional power to pass laws punishing Indians for crimes and offences committed against the United States.

2. Indian tribes are not so far independent nations as to be exempt from this kind of legislation.

[Indictment against Cha-to-kah-na-pe-sha and Wa-na-she-shinger, Osage Indians, for murder.]

Before JOHNSON, SCOTT. and TRIMBLE. JJ.

OPINION OF THE COURT. This is a motion for a new trial, and the grounds relied on are (1) that the verdict is contrary to law; and (2) that it is contrary to and without evidence. In support of the first ground, it has been contended that the Osage Indians are a sovereign and independent nation, possessing the right to declare war and commence hostilities against the United States, or any other nation; that the facts stated in the indictment constitute an act of war

against the United States; and that the prisoners cannot be made amenable to the civil tribunals of this country. Even if this position was sound, which is not the fact, still the proof in the case shows that the Osage Nation were in amity with the United States, and had no intention of going to war by the murder of which the prisoners are found guilty. It was an attack upon our citizens by a party of Osages, for the purpose of robbery and plunder, unauthorized by the Osage Nation. The nation, in fact, has disavowed the act and surrendered the accused, together with others, to be tried. Does this court, then, possess the power? Congress has passed a law expressly giving this court jurisdiction of offences committed by Indians, such as the one charged against the prisoners. That the act alluded to is constitutional we have no doubt, and we are bound to carry its provisions into effect. With regard to the other ground, that the verdict is contrary to evidence, it is sufficient to remark, that the proof satisfied the jury of the guilt of the prisoners, and it was so strong no reasonable doubt exists in the minds of the court. of the justice and propriety of the verdict which the jury have rendered. and the motion for a new trial must be overruled. Motion denied.

The counsel for the prisoners then moved the court in arrest of judgment, on the following grounds: (1) It does not appear in the indictment that the offence was committed on lands belonging to the nation or tribe of Indians, as by law it ought to do; (2) the offence with which the prisoners are charged, is not set forth with sufficient certainty; (3) it does not appear from the indictment with sufficient certainty, that Curtis Wilborn was killed and murdered by the Indian chiefs and warriors.

But after the argument THE COURT overruled the motion. and sentenced the prisoners to be executed by the marshal, by hanging, on the 21st of December, 1824. between the hours of 12 o'clock m. and 4 o'clock p. m. of that day. and they were executed accordingly.